UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOSEPH OWEN, II**<br>    LA. DOC #535151<br>VS. | **CIVIL ACTION NO. 5:13-cv-2362**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **DAVID WADE CORRECTIONAL**<br>**CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff, Joseph Owen, II, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1984 on July 29, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is incarcerated at the David Wade Correctional Center (DWCC) and complains that he has been denied appropriate medical care. He sued DWCC, Dr. Fuller, and Nurses Joel Williams, and John Martin. He prayed for compensatory damages and proper medical treatment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff complains that his grievances in December 2012 and January 2013 were ignored. On January 19, 2013, he complained of back pain and was advised by some unnamed individual that his x-rays were "incorrect." He was nevertheless give a 10-day prescription for Motrin. According to plaintiff he was examined by a "male figure" who he assumes was a physician. The examination consisted of this individual observing plaintiff walking several steps in shackles and

handcuffs. This person, who plaintiff assumes was a physician, advised plaintiff, "... we don't give narcotics or muscle relaxers..." Plaintiff was given instructions for exercise. According to plaintiff, "[t]his is a clear example of deliberate indifference to my medical needs."

Plaintiff also provided copies of the First and Second Step Responses to his medical care grievance.

The first response, date February 14, 2013 stated:

I have reviewed your request for administrative remedy in which you claim that your medical rights were denied. You arrived to DWCC on 11/18/12 and were evaluated by a nurse. The only sick call on record was on 1/31/13. You were examined by Nurse Martin. He instructed you to increase your fluid intake, and notify medical if your dizziness continued. There are no further sick calls reporting continued problems. The physicians are in the best position to determine your course of care. You have been evaluated on multiple occasions by the medical staff for multiple reasons including initial intake, chronic clinic, standard suicide watch evaluations and sick call. All of these evaluations were reviewed by our physicians with no further orders noted. Your medical needs have been appropriately addressed. [Doc. 1-1, p. 1]

The Second Step response from LDOC Headquarters, dated March 21, 2013 noted:

Your statement has been considered as well as your medical/dental/mental health records. The medical/dental/mental health staff is well aware of your medical condition and has adequate information upon which to base a determination of your medical/dental/mental health concerns and the treatment necessary. Per your medical/dental/mental health records you were examined on 11/18/12 when you transferred to DWCC, at that time you had no complaints. You were also seen by mental health staff 11/22/12 thru 12/02/12. Your were seen in Chronic Care Clinic on 1/19/13, at that time you voiced no new complaints. Per your dental records, you were evaluated by the DWCC dentist on 1/18/13 and an appointment was made for you to have a filling done in the near future. Lastly, on 1/31/13 you made a sick call request with complaints of feeling dizzy and sick to your stomach. You were assessed and instructed to increase your fluid intake and to contact medical staff if the symptoms persisted. Medical/Dental/Mental Health opinion is controlling. The medical/dental/mental health care you have received and will continue to receive is deemed adequate. No further investigation will be conducted as this issue has been clearly addressed in the first step response. [Doc. 1-1, p. 2]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Defendants*

Plaintiff has identified four defendants, DWCC, Dr. Fuller, and Nurses Joel Williams, and John Martin. However, he has alleged no fault on the part of any of these defendants.

Plaintiff has sued DWCC. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a corrections facility or prison management company has the capacity to be sued in this action. Under Louisiana law, to possess such a

capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. It does not appear that the DWCC is a juridical entity capable of being sued. Therefore, as to this defendant, plaintiff has failed to state a cause of action.

### 3. Medical Care

Plaintiff is an inmate in the custody of the LDOC. He complains that he was denied prompt and adequate medical care for back pain.

The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging

facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. To the extent that the defendants' choices establish negligence or even malpractice as alleged by plaintiff, plaintiff still fails to state a claim since deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed, and that they drew that inference</u>. *Id.* at 837.

  As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the decisions of the health care professionals who were responsible for his care and treatment. As noted in both plaintiff's complaint and in the responses to his grievances, plaintiff was examined and treated by health care professionals from the time he entered into custody at DWCC. His disagreement with the health care professionals' treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

  In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm. *Easter v. Powell*, 467

F.3d 459, 463 (5th Cir. 2006). Plaintiff has not identified any "substantial harm" that has befallen him as a result of the defendants' treatment choices.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 14, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE